1  RICHARD K. DIAMOND (State Bar No. 070634)
   *jvidaurri@dgdk.com*
2  1900 Avenue of the Stars, 11th Floor
   Los Angeles, California 90067
3  Telephone: (310) 277-0077
   Facsimile: (310) 277-5735
4
   Chapter 7 Trustee
5

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Case No. 2:12-bk-50039-BB |
|---|---|
| ATUL MEHTA, | Chapter 7 |
| Debtor. | **TRUSTEE'S REPLY TO OBJECTION OF OUT OF THE BOX ENTERPRISES, LLC TO TRUSTEE'S PROPOSED SALE OR ABANDONMENT OF PROPERTY**<br><br>Date:  December 17, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom "1475"<br>          255 East Temple Street,<br>          Los Angeles, CA 90012 |

Richard K. Diamond, the Chapter 7 trustee, ("Trustee") of the bankruptcy estate of Atul Mehta, the debtor herein ("Debtor"), hereby replies to the Objection ("Objection") of Out of the Box, LLP ("OOB") to the Trustee's Proposed Sale or Abandonment of Property ("Sale Notice") (*doc no. 67*).

///

///

///

///

///

1239369.1   8057

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## ARGUMENT

The Debtor filed an amendment to schedule B on June 3, 2014 that among other things added the following property:

"Derivative Action/Claim for damages related to losses sustained by Debtor's corporations against Out of the Box for fraud, false advertising, unfair business practices, (may be subject to setoff of current judgment against Debtor's corporation which remains on appeal, along with claims related to denial of motion to vacate judgment obtained by fraud)."

The Trustee, after examining the debtor at a resumed 341a meeting, filed the Sale Notice, in which, among other things[1], in paragraph 3, the Trustee gave notice of his intention to sell or abandon "<u>subject to all, liens, exemptions defenses, interests, and secured claims, without warranty or recourse</u>, all of the Trustee's right, title, and interest in action/claims for damages related to losses sustained by debtor's corporation against Out of the Box for fraud, false advertising, unfair business practices (may be subject to setoff of current judgment against debtor's corporation which remains on appeal, along with claims related to denial of motion to vacate judgment obtained by fraud)" (emphasis in original)(hereinafter, the "Paragraph 3 Claims"). The terms of sale as stated in the notice included that the sale was on an "as-is", "where-is" basis.

OOB filed an objection (*doc no. 75*) to the sale or abandonment of the Paragraph 3 Claims on the grounds that the Trustee did not have any interest in the debtor's corporation's claims against OOB. Rather, such interest belongs to the debtor's corporation's bankruptcy estate. OOB claims that that bankruptcy estate is in the process of administering the asset that consists of the Damages Claims.

However, OOB's objection misapprehends the nature of the property being offered for sale or that would be abandoned. The notice sought to effect the sale or abandonment of the Debtor's

---

[1] The Trustee has already abandoned the other items included in the Sale Notice (see doc no. 77).

1239369.1    8057

(and, therefore the Estate's) rights, if any existed in the claims. If the debtor scheduled as an asset a claim in which he owned no interest, any buyer would take nothing or the Debtor would get back nothing by a sale or abandonment. If the Debtor's claim is subject to any defenses it will remain subject to those infirmities. Thus, if the debtor has scheduled a claim to which there is a complete defense (such as lack of standing), any buyer would have acquired an asset with no value. Whether or not the corporation's claims against OOB are otherwise being resolved or administered in another bankruptcy estate is not an issue preventing the Trustee's sale of the Paragraph 3 Claims that the Debtor scheduled in his individual case. Instead, these are all issues of the value (or lack of value) of the scheduled claims in this case. It is a consideration for a prospective buyer in determining whether or not to bid on the Paragraph 3 Claims at the time of sale

    Section 554 of the Bankruptcy Code provides that property that is scheduled and not administered is abandoned at the close of the case. It also provides that the trustee may abandon property that is burdensome or of inconsequential value. Thus, if the trustee is not permitted to complete the process of selling or abandoning the Paragraph 3 Claims, those claims, to the extent they exist, will none the less end up reverting to the Debtor.

    Therefore, the Trustee requests that he be permitted to go forward with the sale or abandonment at a duly noticed later date.

## II.

## CONCLUSION

    Based upon the foregoing, the Trustee respectfully requests that he be authorized to sell or abandon the Damages Claims at a sale date to be scheduled in the future or, in the alternative, to abandon the Damages Claims, as being in the best interests of the estate and its creditors.

DATED: December 1, 2014

RICHARD K. DIAMOND, Chapter 7 Trustee

1239369.1    8057

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S REPLY TO OBJECTION OF OUT OF THE BOX ENTERPRISES, LLC TO TRUSTEE'S PROPOSED SALE OR ABANDONMENT OF PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 1, 2014 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On December 1, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Atul Mehta
19619 Highland Terrace
Walnut, CA 91789-5364

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 1, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Served by Personal Delivery to be delivered by December 2, 2014
Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Bin outside of Suite 1482
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 1, 2014 | Cheryl Caldwell | /s/ Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Katherine R Cohan on behalf of Plaintiff Pascuel Reyes
katcohanesq@aol.com

Daryl M Crone on behalf of Creditor Crone Hawxhurst LLP
daryl@cronehawxhurst.com, calendar@cronehawxhurst.com

Daryl M Crone on behalf of Plaintiff Crone Hawxhurst LLP
daryl@cronehawxhurst.com, calendar@cronehawxhurst.com

Richard K Diamond (TR)
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com

James A Dumas, Jr on behalf of Attorney Carolyn A. Dye
jdumas@dumas-law.com

James A Dumas, Jr on behalf of Plaintiff Carolyn A. Dye
jdumas@dumas-law.com

Bernard J Frimond on behalf of Mediator Bernard J. Frimond
bernie@frimondlaw.com

Gregory K Jones on behalf of Creditor Out of the Box Enterprises LLC
GJones@dykema.com, CPerez@dykema.com

Christian T Kim on behalf of Attorney Carolyn A. Dye
ckim@dumas-law.com

Christian T Kim on behalf of Plaintiff Carolyn A. Dye
ckim@dumas-law.com

Claudio Koren on behalf of 3rd Party Plaintiff GREENBAUM LAW GROUP LLP
ckoren@collectionlaw.com, eparker@collectionlaw.com

Claudio Koren on behalf of Plaintiff GREENBAUM LAW GROUP LLP
ckoren@collectionlaw.com, eparker@collectionlaw.com

Shai S Oved on behalf of Debtor Atul Mehta
ssoesq@aol.com

Shai S Oved on behalf of Defendant Atul Mehta
ssoesq@aol.com

Shai S Oved on behalf of Defendant Atul Mehta
ssoesq@aol.com

Jay M Spillane on behalf of Defendant Atul Mehta
jspillane@spillaneplc.com, cdale@spillaneplc.com;smargetis@spillaneplc.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE